SEYFARTH SHAW LLP
Jay W. Connolly (SBN 114725)
jconnolly@seyfarth.com
Giovanna A. Ferrari (SBN 229871)
gferrari@seyfarth.com
Joseph J. Orzano (SBN 262040)
jorzano@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:    (415) 397-2823
Facsimile:    (415) 397-8549

Attorneys for Defendant
WHOLE FOODS MARKET GROUP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY GARRISON and GRACE GARRISON, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WHOLE FOODS MARKET GROUP, INC.,<br><br>Defendant. | Case No. 4:13-CV-05222-VC<br><br>**DEFENDANT WHOLE FOODS MARKET GROUP, INC.'S SUPPLEMENTAL BRIEF REGARDING PLAINTIFFS' NATIONAL CLASS ALLEGATIONS**<br><br>[Filed Pursuant to Court's May 19, 2014 Order (Dkt. #32)]<br><br>Date:    May 29, 2014<br>Time:    1:30 p.m.<br>Judge:    Hon. Vince Chhabria<br>Courtroom: Courtroom 4, 17th Floor |

# TABLE OF CONTENTS

**Page**

I. PLAINTIFFS' PROPOSED NATIONAL CLASS CANNOT BE CERTIFIED ............... 1

    A. The Court Correctly Observed That Plaintiffs' Common Law Claims Will Almost Certainly Be Governed By The Law Of The 50 States ............................................ 2

        1. The Common Law Of The 50 States Differs Materially. ................................ 2

        2. Each State Has An Interest In Having Its Law Apply. .................................... 3

        3. The State In Which Each Transaction Occurred Has Its Interest Most Significantly Impaired If Its Law Is Not Applied ............................................ 4

    B. Certification of Claims Based On Multiple States' Laws Is Not Appropriate .......... 4

II. THE COURT SHOULD DISMISS PLAINTIFFS' NATIONAL CLASS CLAIMS ........ 4

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES**

As the Court correctly observed, Plaintiffs Mary Garrison and Grace Garrison (collectively, "Plaintiffs"):  (1) allege common law claims for negligent misrepresentation, fraud, breach of contract, and unjust enrichment on behalf of a national class; (2) such claims must be based on the law of the 50 states; and (3) Plaintiffs failed to allege any facts or offer any proposal as to how the claims could be certified.  As set forth herein, due to problems inherent in claims based on the multitude of state laws, Plaintiffs' proposed nationwide class cannot be certified.[1]  As a result, the Court should dismiss Plaintiffs' nationwide class allegations now.

### I. PLAINTIFFS' PROPOSED NATIONAL CLASS CANNOT BE CERTIFIED

Plaintiffs have the burden of proving their proposed class can be certified.  *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct, 2541, 2551 (2011).  Plaintiffs will have to affirmatively demonstrate that their proposed class satisfies the threshold requirements of Fed. R. Civ. P. 23(a):  numerosity, commonality, typicality, and adequacy of representation.  In addition, to certify a class under Fed. R. Civ. P. 23(b)(3),[2] Plaintiffs will have to demonstrate that "questions of law or fact common to class members *predominate* over any question affecting only individual members, and that a *class action is superior* to other available methods for fairly and efficiently adjudicating the controversy."  The superiority analysis requires consideration of the potential difficulties in managing the class action.  *Vanwagoner v. Siemens*, 2014 WL 1922731 (E.D. Cal. May 14, 2014).  "The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only."  *Comcast v. Behrend*, 133 S.Ct. 1426, 1432 (2013).  Accordingly, a "rigorous analysis" of the claims at issue and how they could be adjudicated on a class-wide basis is required.  *Id.*; *Wal-Mart Stores*, 131 S.Ct. at 2541.

---

[1] This brief focuses on the issues identified in the Court's Order.  Whole Foods reserves the right to oppose certification on all applicable grounds at the appropriate time, if and when necessary.
[2] Rule 23(b)(1) and (b)(2) classes are not relevant here.  Rule 23(b)(1)(A) classes are generally inapplicable to claims for money damages or restitution.  *Heffelfinger v. Electronic Data Systems Corp.*, 2008 WL 8128621, *18 (C.D. Cal. Jan. 7, 2008).  Rule 23(b)(1)(B) classes are generally restricted to limited fund cases.  *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1197 (9th Cir. 2001).  Rule 23(b)(2) classes are expressly limited to injunctive or declaratory relief, which Plaintiffs do not and cannot plead for their common law claims.

**A.     The Court Correctly Observed That Plaintiffs' Common Law Claims Will Almost Certainly Be Governed By The Law Of The 50 States**

To determine the law applicable to the claims of class members, a court sitting in diversity applies the choice-of-law rules of the forum state. *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 589 (9th Cir. 2012).[3] California employs a three-part governmental interest test. *Id.* at 590. *First,* the court must determine whether the relevant law of each potentially affected jurisdiction is the same or different. *Id.* *Second*, if different, the court must examine each jurisdiction's interest in the application of its own law to determine whether a true conflict exists. *Id.* *Third*, the court must evaluate the nature and strength of each jurisdiction's interest to determine which state's interest would be more impaired if its policy were subordinated and apply the law of the state whose interest would be more impaired if not applied. *Id.*[4]

### 1.     The Common Law Of The 50 States Differs Materially.

A brief survey of the common law of the 50 states reveals immediate material differences. These differences are described below.[5]

**Fraud.** Standards of intent differ. *See, e.g., American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 436 (Tex. 1997) (statement without knowledge of truth or falsity sufficient); *Gartin v. S & M NuTec LLC*, 245 F.R.D. 429, 436 (knowledge of falsity required). Standards of proof

---

[3] Plaintiffs do not allege that California law applies to the claims of non-resident class members. Such claims would violate the Fourteenth Amendment's Due Process Clause and the Full Faith and Credit Clause. Due process would only be satisfied if Plaintiffs could show—which they cannot—that California has "a significant contact or significant aggregation of contacts as to the claims asserted by *each member* of the plaintiff class." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821 (1985).

[4] The Ninth Circuit has recognized differences among California courts as to whether California's choice of law rule for contracts is the "governmental interest" test or the test under Cal. Civ. Code § 1646. *Arno v. Club Med Inc.*, 22 F.3d 1464, 1472 (9th Cir. 1994). Cal. Civil Code § 1646 provides that "[a] contract is to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made." In *Frontier Oil Corp. v. RLI Insurance*, 153 Cal. App. 4th 1436, 1442–43 (2007), the California Court of Appeals concluded that "notwithstanding the application of the governmental interest analysis to other choice-of-law issues, Civil Code section 1646 is the choice-of-law rule that determines the law governing the interpretation of a contract." Regardless, the outcome would be the same: the law of the 50 states would apply as each individual contract would be based on the law of place of purchase.

[5] A complete analysis of the laws of the 50 states is beyond the scope of this brief. To the extent the Court determines such an analysis is required, Whole Foods reserves the right to fully brief it.

differ.  *See, e.g., Wieczoreck v. H & H Builders, Inc.*, 475 So. 2d 227, 228 (Fla. 1985) (preponderance or greater weight of the evidence); *Snell v. Commonwealth*, 416 A.2d 468, 470 (Pa. 1980) (clear, precise and convincing).  Limitations periods also vary.  *See, e.g.,* Cal. Civ. Proc. Code § 338(d) (three years); 42 Pa. Cons. Stat. § 5524(7) (two years).

**Negligent Misrepresentation.**   The law of negligent misrepresentation varies.  *See, e.g.*, *Gianino v. Alacer Corp.*, 846 F. Supp. 2d 1096, 1103 (C.D. Cal. 2012) (outlining material variations in negligent misrepresentation law including statutes of limitations and methods of calculating damages); *Collins v. Kentucky Lottery Corp.*, 399 S.W.3d 449, 454 (Ky.App. 2012) (clear and convincing evidence standard applies); *Universal Drilling Co., LLC v. R & R Rig Service, LLC*, 271 P.3d 987, 995 (Wyo. 2012) (preponderance of the evidence standard applies).

**Unjust Enrichment.**  The law of unjust enrichment also varies.  *Kunzelman v. Wells Fargo Bank, N.A.*, 2013 WL 139913, *10 (S.D. Fla. Jan. 10, 2013) (unjust enrichment claim is "textbook example of why such a claims [should] not be certified, because it "raises state law specific questions that defeat predominance…"); *Mazza*, 666 F.3d at 591 ("[t]he elements necessary to establish a claim for unjust enrichment also vary materially from state to state."). As set forth in Whole Foods Market Group, Inc.'s ("Whole Foods") Motion, unjust enrichment is not a cause of action in California.

**Breach of Contract.**  Differences in contract law exist among the states, even for the sale of goods.  *See* Gerald T. McLaughlin, The Evolving Uniform Commercial Code: From Infancy to Maturity to Old Age, 26 Loy. L.A. L. Rev. 691, 693 (1993) ("The UCC does not define key terms such as 'offer,' 'acceptance' and 'possession,' thus requiring courts to utilize state common-law definitions of these terms when applying the Code.  Similarly, section 1-103 provides that state common-law rules on a wide variety of questions, including estoppel and waiver, should be used to supplement UCC provisions unless a particular UCC provision displaces the common law.  Given the differences in state common-law rules, the drafters of the UCC obviously chose to tolerate a degree of non-uniformity in its development.")

**2.     Each State Has An Interest In Having Its Law Apply.**

A state has an interest in having its law apply to its resident claimants.  *Mazza,* 666 F.3d

at 591-592.  A state also has an interest in setting the appropriate level of liability for companies conducting business within its territory.  *Mazza*, 666 F.3d at 592; *Marsh v. First Bank of Delaware*,  2014 WL 2085199, *6 (N.D. Cal. 2014); *Gianino*, 846 F. Supp. 2d at 1102.

        **3.**        **The State In Which Each Transaction Occurred Has Its Interest Most Significantly Impaired If Its Law Is Not Applied**

Courts have found in similar circumstances that the law of the state where the transaction occurred would suffer the greatest impairment if its law were not applied.  *E.g., Mazza*, 666 F.3d at 594; *Rodriguez v. Instagram*, 2013 WL 3732883, *3 (N.D. Cal. July 15, 2013).

        **B.**        **Certification of Claims Based On Multiple States' Laws Is Not Appropriate**

Courts routinely reject the notion that claims based on multiple states' laws can be certified.  *E.g., Mazza*, 666 F.3d at 596 ("Because the law of multiple jurisdictions applies here to any nationwide class…, variances in state law…preclude predominance…."); *Sikes v. Teleline*, 281 F.3d 1350, 1367 n. 44 (11th Cir. 2002), abrogated on other grounds, *Bridge v. Pheonix Bond & Indemn.*, 553 U.S. 639 (2008) ("Assuming that the district court was correct in ruling that the laws of all fifty states apply, that alone would render the class unmanageable."); *Kunzelman v. Wells Fargo Bank*, 2013 WL 139913, *10 (S.D. Fla. Jan. 10, 2013) (unjust enrichment "raises state law specific questions that defeat predominance…"); *Gianino,* 846 F. Supp. 2d at 1096 (fraud and negligent misrepresentation require application of different states' laws; denying nationwide class certification due to lack of predominance); *Barrus v. Dick's Sporting Goods*, 732 F. Supp. 2d 243, 250 (W.D.N.Y. 2010)  ("Plaintiffs cannot possibly show, as they must, that this panoply of state law [claims] is properly maintainable as a [nationwide] class action under Rule 23.  The state statutes and common laws…Plaintiffs invoke differ from one another in numerous material respects.  Application of these varying standards in a single case, and the need to resolve disputes as to the correct state law interpretation of many of these standards, would inject intractable case management problems into the case and guarantee that no common issue would predominate.")

**II.**        **THE COURT SHOULD DISMISS PLAINTIFFS' NATIONAL CLASS CLAIMS**

Courts have rejected similar allegations at the pleadings stage.  Class allegations can be

addressed at the pleadings stage, even without a formal motion, where the pleading demonstrates that a class action cannot be maintained on the facts alleged. *General Telephone Co. v. Falcon*, 457 U.S. 147, 160 (U.S. 1982) ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim…."); *John v. Nat'l Sec. Fire & Cas.*, 501 F.3d 443, 445 (5th Cir. 2007) (where it is "facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings."); *see also Frezza v. Google Inc.*, 2013 WL 1736788 (N.D. Cal. April 22, 2013); *Koehler v. Litehouse, Inc.*, 2012 WL 6217635 (N.D. Cal. Dec. 13, 2012); *Littlehale v. The Hain Celestial Group*, 2012 WL 5458400 (N.D. Cal. July 2, 2012); *Banks v. Nissan North America*, 2012 WL 8969415 (N.D. Cal. March 20, 2012); 7AA Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1785 (3d ed. 2014), citing, e.g., *Kasalo v. Harris & Harris*, 656 F.3d 557, 563 (7th Cir. 2011) ("the court may act *sua sponte* or the defendant may move to have the court rule the action unmaintainable as a class action.") Indeed, Judge Alsup recently denied *leave to amend* to assert similar nationwide class claims on the ground of *futility*, stating:

> The undersigned judge has worked through this issue in many previous class actions. When the claims are based on *state* law, as here, the law of the fifty states is likely to apply…and it is unmanageable. And, a single resident in California with standing to assert California claims is not an adequate representative of residents of, say, in Hawaii, who might be better off having their rights adjudicated under their own state law….Courts routinely deny class certification because plaintiff's claims would require application of the substantive law of multiple states….As such, it would be futile to allow plaintiff to amend to a putative nationwide class where plaintiff's overreaching will almost certainly be denied at the class certification stage.

*Rodriguez*, 2013 WL 3732883, at *3. Here, Plaintiffs' alleged nationwide class will almost certainly be governed by the laws of the 50 states and therefore cannot possibly be certified; accordingly, the Court should dismiss Plaintiffs' nationwide class claims now to the extent the Court does not dismiss the FAC entirely.

DATED:  May 27, 2014                                          SEYFARTH SHAW LLP

                                                              By: /s/ Joseph J. Orzano
                                                              Joseph J. Orzano
                                                              Attorneys for Defendant

5