Matthew R. Bainer, Esq. (S.B. #220972)
Molly A. DeSario, Esq. (S.B. #230763)
Courtland W. Creekmore, Esq. (S.B. #182018)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone:   (510) 891-9800
Facsimile:     (510) 891-7030
Email:     mbainer@scalaw.com
Email:     mdesario@scalaw.com
Email:     ccreekmore@scalaw.com
Web:       www.scalaw.com

Attorneys for Representative Plaintiffs
and the Plaintiff Classes

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY GARRISON and GRACE GARRISON, individually, and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>vs.<br><br>WHOLE FOODS MARKET GROUP, INC.,<br><br>                    Defendant. | Case No. 3:13-CV-5222 VC<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING NATIONWIDE CLASS APPLICATION OF CALIFORNIA COMMON LAW IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Date:    May 29, 2014<br>Time:   1:30 p.m.<br>Room:  4, 17th Floor<br>Judge:   Hon. Vince Chhabria |

## I. INTRODUCTION

On May 19, 2014, the Court ordered the parties to submit supplemental briefs on the application of common law to Plaintiffs' request for a nationwide class of purchasers of Defendant's products at issue. Specifically, the Court requested briefing as to (1) whether and on what basis such claims may proceed, based on the law of the fifty states may proceed and (2) at what stage in the litigation this question should be addressed.

Preliminarily, it must be noted that Plaintiffs' national claims need not necessarily proceed based on the common law of the 50 states. The courts have adopted, in situations where national classes are pled, a choice-of-law procedure to determine whether the forum state's law can be applied to the class member residents of foreign jurisdictions. This analysis is detailed and involved and allows the application of the forum state's laws to the entirety of a national class would result in the policy interests of the foreign state being "more impaired if its policy were subordinated to the policy of the other state" than vice versa.[1]

That being said, even if the laws of the various 50 states must be applied to each resident of that state such does not, per se, bar certification of a national class.[2] The issue is not whether there is any variation in the controlling law of any given claim for certain members of the class but, rather whether any individualized questions of law are so significant that they predominate over the entirety of the numerous common factual and legal questions which bind the proposed class. The analysis of whether there is a predominance of common questions over any potential individualized inquiry is a question which must not be addressed at the pleading stage but, rather, considered upon the submission of a fully briefed motion for certification of the proposed class.

## II. THE LAW REQUIRES THE COURT TO CONSIDER CLASS TREATMENT ONLY AFTER THE SUBMISSION OF A FULLY BRIEFED MOTION FOR CLASS CERTIFICATION

Courts in this district are reluctant to decide class certification issues at the pleading stage. *See, e.g., Dodson v. Tempur-Sealy Int'l, Inc.,* 2014 U.S. Dist. LEXIS 54071, *34 (N.D. Cal. Apr. 16, 2014); *Winans v. Emeritus Corp.,* 2014 U.S. Dist. LEXIS 29054, *33 (N.D. Cal. Mar. 5,

---

[1] *See Mazza v. Am. Honda Motor Co.,* 666 F.3d 581, 589-590 (2012)
[2] *See Mazza*, 666 F.3d at 590-91 and 94,

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

2014) ("Class allegations typically are tested on a motion for class certification, not at the pleading stage."); *Wilson v. Frito-Lay N. Am.,* 961 F. Supp. 2d 1134, 1148 (N.D. Cal. 2013) (same); *In re Wal-Mart Stores, Inc. Wage and Hour Litigation*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) (noting that "dismissal of class actions at the pleading stage should be done rarely and that the better course is to deny such a motion because 'the shape and form of a class action evolves only through the process of discovery'") (citation omitted); *see also* 7AA Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure Civil § 1785.3 (3d. 2005) (providing that the practice employed in the overwhelming majority of class actions is to address class certification issues only after an appropriate period of discovery).

### III. ANY POTENTIAL INDIVIDUALIZED ISSUES OF LAW WILL NOT, PER SE, BAR CERTIFICATION OF A NATIONAL CLASS HEREIN

While it is premature to consider the propriety of certifying the national class herein, Plaintiffs wish to briefly assure this Court that the national class claims are brought in good faith and such types of claims can be certified for class treatment.

First, it is not at all clear that California law should not simply be applied to the entirety of the national class. The limited information made available to date certainly suggests that California likely has the strongest commercial ties to these claims. Of the 347 U.S. based Whole Foods Market Group, Inc. ("WF") locations that span 41 states, **73 – i.e., 21% – are in California**, which (by extrapolation) attributes approximately $2.7 billion of WF's $12.9 billion 2013 sales solely to WF's California based operations.[3] This figure likely understates the aggregate of WF's California sales since many of WF's California stores have in-store, sit-down wine bars, tap rooms, and cafés, and appear to be open for business for more hours during the week than those in other states.[4] Given California's high population density, elevated income levels, and large natural/organic foods consumer market (all factors WF considers in selecting

---

[3] *See* http://www.wholefoodsmarket.com/sites/default/files/media/Global/Company%20Info/PDFs/WFM-2013-10-K.pdf at 4, 15.
[4] *See* http://www.wholefoodsmarket.com/stores/list/state.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

store locations),[5] it is reasonable to assume that the demographic makeup of areas around WF locations in California results in higher per-store sales in California than in other states. Regardless, the state with the next highest number of WF stores is Massachusetts with **only 28**.[6] On these bare facts alone, Plaintiffs posit that a sufficiently large aggregation of contacts between WF and California exists in comparison to other states to address and satisfy constitutional due process concerns.

Second, even if California law is not universally applied, the applicable standards do not bar the case from proceeding on a national basis. Rule 23(a)(2) requires the Court to find questions of law or fact common to the class exist, a standard widely held to be construed "permissively" (*Hanlon*, 150 F.3d at 1019), with even "one significant issue common to the class [being] sufficient to warrant certification." *Dukes*, 509 F.3d at 1177. Moreover, class certification under Rule 23(b)(3) is satisfied if:

> the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

"Rule 23(b)(3) focuses on the relationship between common and individual issues." *Wang v. Chinese Daily News, Inc.*, 231 F.R.D. 602, 613 (2005) (finding common questions of law and fact to predominate) *abrogated on other grounds*; *see also Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 627 (5th Cir. 1999) (predominance is determined not by *counting* the number of common issues but by weighing their *significance*). Further, the amount of time it takes to resolve whether a question is common to the class or individualized is not determinative as to whether that legal question predominates. *Williams v. Mohawk Industries, Inc.* 568 F.3d 1350, 1357 (11 Cir. 2009) ("The Rule requires a pragmatic assessment of the entire action and all issues involved.").

---

[5] *See* http://www.wholefoodsmarket.com/sites/default/files/media/Global/Company%20Info/PDFs/WFM-2013-10-K.pdf at 6.
[6] *See* http://www.wholefoodsmarket.com/sites/default/files/media/Global/Company%20Info/PDFs/WFM-2013-10-K.pdf at Page 15.

In the case of shared common legal questions, Rule 23 does *not* mandate every question of law to be common, only that such individualized legal questions do not *predominate.* *Messner v. Northshore University HealthSystem*, 669 F.3d 802, 814 (7th Cir. Ill. 2012) ("Individual questions need not be absent. The text of Rule 23(b)(3) itself contemplates that such individual questions will be present. The rule requires only that those questions not predominate over the common questions affecting the class as a whole.").

With regard to the common law of fraud, Newberg provides the following instructive analysis:

> "A fraud claim may be common and not individualized for [23](b)(3) purposes if both the misrepresentation or omission requirement can be met with proof common across the class. Misrepresentations and omissions are more likely to be found common to the whole class if they are *written* as opposed to *oral.* In common law fraud, certification is appropriate where both the representations and the reliance are *arguably common. See e.g.*, *In re Prudential Ins. Co. America Sales Practice Litigation Agent Actions*, 148 F.3d 283 (3d Cir. 1998)

Indeed, the Courts have been adamant that the specific potential applicability of the laws of multiple states does not operate as a per se bar to class treatment of make a national class unmanageable. The Ninth Circuit was recently very adamant on this point, stating:

> "The fact that two or more states are involved does not itself indicate that there is a conflict of law problem." See Wash. Mut. Bank, 24 Cal. 4th at 919 (2001). A problem only arises if differences in state law are material, that is, if they make a difference in this litigation. Id. at 919-20; See *In re Complaint of Bankers Trust Co.,* 752 F.2d 874, 882 (3d Cir. 1984) ("Any differences in [the states'] laws must have a significant effect on the outcome of the trial in order to present an actual conflict in terms of choice of law.").

*Mazza v. Am. Honda Motor Co.,* 666 F.3d 581, 590-91.[7] In remanding for further consideration, the Ninth Circuit reminded the lower Court:

> We express no view whether on remand it would be correct to certify a smaller class containing only those who purchased or leased Acura RLs in California, or

---

[7] *See also Washington Mutual Bank v. Superior Court*, 24 Cal. 4th 906, 922 "[T]he involvement of more than one state's law does not make a class action per se unmanageable, any variances among state laws must be examined to determine whether common questions will predominate over individual issues and whether litigation of a nationwide class may be managed fairly and efficiently."

to certify a class with members more broadly but with subclasses for class members in different states, with different jury instruction for materially different bodies of state law. See, e.g., *In re Computer Memories Sec. Litig.,* 111 F.R.D. 675, 685-86 (N.D. Cal. 1986).

*Mazza v. Am. Honda Motor Co.,* 666 F.3d 581, 594. Here, there has been (1) insufficient discovery to ascertain within how many states Defendant disseminated it's falsely advertised products, (2) no analysis as to what the controlling laws of each of those states are for the herein pled causes of action (3) no determination that there is actually any conflict between those standards (4) if present, no determination that this conflicts (if any exist) would be significant or reflective of an important public policy such that California law shouldn't be applied to the class a whole and (5) if significant, no determination that any such variations in individual state law could not be effectively managed within the class action device and included procedures. Plaintiff is confident that the claims brought on behalf of the national class will be shown, at the appropriate time, to predominate with common inquiries and will be able to be effectively managed using the tools available for the maintenance of class actions.

## IV. CONCLUSION

For all of these reasons, this issue should be revisited on Plaintiffs' motion for class certification, at which time Plaintiff looks forward to providing a full briefing on the propriety of certification of the proposed national class.

Dated: May 27, 2014

**SCOTT COLE & ASSOCIATES, APC**

By: /s/ Courtland W. Creekmore, Esq
Courtland W. Creekmore, Esq.
Attorneys for the Representative Plaintiffs
and the Plaintiff Classes