UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARY GARRISON, et al.,

    Plaintiffs,

v.

WHOLE FOODS MARKET GROUP, INC.,

    Defendant.

Case No. 13-cv-05222-VC

**ORDER**

Plaintiffs Mary Garrison and Grace Garrison bring this putative class action against Defendant Whole Foods Market Group, Inc. ("Whole Foods"), alleging that several Whole Foods' products were misleadingly "All Natural," when in fact they contain Sodium Acid Pyrophosphate ("SAPP"), a synthetic ingredient. In addition to state law claims, brought on behalf of a California class, the plaintiffs seek to bring several common law claims on behalf of a nationwide class. In connection with the defendant's motion to dismiss the complaint—on which the Court already ruled (*see* Docket No. 37)—the Court ordered supplemental briefing on whether the plaintiffs may pursue their common law claims on behalf of a nationwide class.

After reviewing the parties' briefs, the Court has determined that, in light of the specific factual allegations and legal theories present in this case, striking the class allegations at the pleading stage would be premature. *See, e.g.*, *Doe v. SuccessfulMatch.com*, No. 13-CV-03376-LHK, 2014 WL 1494347, at *7 (N.D. Cal. Apr. 16, 2014) ("Absent the sort of detailed choice-of-law analysis that guided the Ninth Circuit in *Mazza*, the Court declines to evaluate how California's choice-of-law rules affect Plaintiffs' class claims at [the motion to dismiss stage]."); *Brazil v. Dole Food Co., Inc.*, No. 12-CV-01831-LHK, 2013 WL 5312418, at *11 (N.D. Cal. Sept. 23, 2013) ("[T]he Court is unable to determine, at this stage, whether California's choice-of-law rules apply to bar all, some, or none of [the plaintiffs'] class claims."); *In re Clorox Consumer Litig.*, 894 F. Supp. 2d 1224, 1237 (N.D. Cal. 2012) ("Since the parties have yet to develop a factual record, it is unclear whether applying different state consumer protection statutes could

have a material impact on the viability of Plaintiffs' claims."); *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 919 (N.D. Cal. 2012) ("Although *Mazza* may influence the decision whether to certify the proposed class and subclass, such a determination [at the pleading stage] is premature.").

"Variations in state law do not necessarily preclude a [class] action." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998); *see also, e.g.*, *Steinberg v. Nationwide Mut. Ins. Co.*, 224 F.R.D. 67, 79 (E.D.N.Y. 2004) ("The spectre of having to apply different substantive law does not warrant refusing to certify a class on common law claims." (alteration omitted)).  The issue is largely one of manageability—at the class certification stage, the plaintiffs will "bear[ ] the burden of demonstrating a suitable and realistic plan for trial of the class claims." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1189 (9th Cir. 2001) (internal quotation marks omitted). Although the Court could determine now, as a matter of law, whether the laws of the fifty states conflict, there is not yet sufficient information to determine which states' laws will be at issue and which conflicts might be material to this litigation.  The plaintiffs do not even know yet in which states (besides California) the products at issue were sold.  It is possible that, at the class certification stage, the plaintiffs will be able to define the class such that any differences in state law are immaterial.  Or they may be able to identify a manageable number of subclasses of residents of states with laws that do not materially differ.  In any case, at this stage, the plaintiffs have plausibly alleged common law claims on behalf of a nationwide class, and it is plausible that they could propose a manageable way of proceeding on these claims.  *See, e.g.*, *Forcellati v. Hyland's, Inc.*, 876 F. Supp. 2d 1155, 1159-60 (C.D. Cal. 2012).

**IT IS SO ORDERED.**

Dated: July 2, 2014

_____
VINCE CHHABRIA
United States District Judge

2