SEYFARTH SHAW LLP
Jay W. Connolly (SBN 114725)
jconnolly@seyfarth.com
Giovanna A. Ferrari (SBN 229871)
gferrari@seyfarth.com
Joseph J. Orzano (SBN 262040)
jorzano@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:     (415) 397-2823
Facsimile:     (415) 397-8549

Attorneys for Defendant
WHOLE FOODS MARKET GROUP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY GARRISON and GRACE GARRISON, individually, and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br>        v.<br><br>WHOLE FOODS MARKET GROUP, INC.,<br><br>              Defendant. | Case No. 4:13-CV-05222-VC<br><br>**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS** |

1.      <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as

set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.5   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, electronically stored information, and tangible or intangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee or owner (not to include shareholders of publicly traded companies) of a Designating Party's competitor,[1] and (3) at the time of retention, is not anticipated to become an employee of a Designating Party's competitor.

2.7   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to a

---

[1] "Competitor" for purposes of this provision is defined as follows for Defendant—grocery retailers and distributors.

1  competitor or other Non-Party would create a substantial risk of serious harm that could not be
2  avoided by less restrictive means.
3      2.8     House Counsel: attorneys who are employees of a party to this action. House
4  Counsel does not include Outside Counsel of Record or any other outside counsel.
5      2.9     Non-Party: any natural person, partnership, corporation, association, or other legal
6  entity not named as a Party to this action.
7      2.10    Outside Counsel of Record: attorneys who are not employees of a party to this
8  action but are retained to represent or advise a party to this action and have appeared in this
9  action on behalf of that party or are affiliated with a law firm which has appeared on behalf of
10 that party.
11     2.11    Party: any party to this action, including all of its officers, directors, employees,
12 consultants, retained experts, and Outside Counsel of Record (and their support staffs).
13     2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery
14 Material in this action.
15     2.13    Professional Vendors: persons or entities that provide litigation support services
16 (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and
17 organizing, storing, or retrieving data in any form or medium) and their employees and
18 subcontractors.
19     2.14    Protected Material: any Disclosure or Discovery Material that is designated as
20 "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."
21     2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a
22 Producing Party.
23 3.  SCOPE
24     The protections conferred by this Stipulation and Order cover not only Protected Material
25 (as defined above), but also (1) any information copied or extracted from Protected Material; (2)
26 all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,
27 conversations, or presentations by Parties or their Counsel that might reveal Protected Material.
28 However, the protections conferred by this Stipulation and Order do not cover the following

information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or a substantially similar legend) to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.  To the extent documents are produced in native format, it shall be sufficient for the Producing Party to either include the terms "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the file name for the document and/or to include an associated placeholder document bearing the terms "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL  -- ATTORNEYS' EYES ONLY" (or a substantially similar legend).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the

1. Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY
2. CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected
3. Material.  If only a portion or portions of the material on a page qualifies for protection, the
4. Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate
5. markings in the margins) and must specify, for each portion, the level of protection being
6. asserted.  To the extent documents are produced in native format, it shall be sufficient for the
7. Producing Party to either include the terms "CONFIDENTIAL" or "HIGHLY
8. CONFIDENTIAL" in the file name for the document and/or to include an associated placeholder
9. document bearing the terms "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL  —
10. ATTORNEYS' EYES ONLY" (or a substantially similar legend).
11.     (b) for testimony given in deposition or in other pretrial or trial proceedings, that
12. the Designating Party identify on the record, before the close of the deposition, hearing, or other
13. proceeding, all protected testimony and specify the level of protection being asserted.
14. Alternatively, the Designating Party may identify the specific portions of the testimony as to
15. which protection is sought and to specify the level of protection being asserted within 30 days
16. following receipt of the reporter's transcript of the deposition, hearing, or other proceeding (or
17. longer if agreed to by the Parties).  Only those portions of the testimony that are appropriately
18. designated for protection within the 30 days (or longer if agreed to by the Parties) shall be
19. covered by the provisions of this Stipulated Protective Order.  A Designating Party may specify,
20. at the deposition or within 30 days of receipt of the reporter's transcript (or longer if agreed to by
21. the Parties) that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY
22. CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the extent such a designation is consistent
23. with the other terms of this stipulation.  The use of a document as an exhibit at a deposition shall
24. not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
25. ATTORNEYS' EYES ONLY."
26.   Transcripts containing Protected Material shall have an obvious legend on the title page
27. that the transcript contains Protected Material, and the title page shall be followed by a list of all
28. pages (including line numbers as appropriate) that have been designated as Protected Material

and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or a substantially similar legend).  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice (e-mail shall be sufficient) of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a

challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3   Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 35 days of the initial notice of challenge or within 28 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier (this period may be extended by agreement of the Parties).  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 35 days (or 28 days, or the extended period agreed to by the Parties, as applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation (including any related appeals). Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff and professional jury or trial consultants who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

1   (f) Professional Vendors to whom disclosure is reasonably necessary for this litigation[2];

2   (g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

3   (h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court and its personnel;

(d) court reporters and their staff and professional jury or trial consultants who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) Professional Vendors to whom disclosure is reasonably necessary for this litigation;[3] and

---

[2] To the extent counsel provides Protected Material to a Professional Vendor, counsel is responsible for the Professional Vendor's adherence to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed "Acknowledgment and Agreement to Be Bound" in the form attached as Exhibit A.

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

---

[3] As set forth above in 7.2(f), to the extent counsel provides Protected Material to a Professional Vendor, counsel is responsible for the Professional Vendor's adherence to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed "Acknowledgment and Agreement to Be Bound" in the form attached as Exhibit A.

1     (a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

    (b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    3.    make the information requested available for inspection by the Non-Party.

    (c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

1   made of all the terms of this Order, and (d) request such person or persons to execute the

2   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

3   11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED</u>

4   <u>MATERIAL</u>

5   Pursuant to Rule 502 of the Federal Rules of Evidence, the inadvertent disclosure of

6   communications, documents, or information protected by the attorney-client privilege, work

7   product doctrine, or any other privilege ("Privileged Material") shall not constitute a waiver of

8   any privilege or other protection if the Producing Party took reasonable steps to prevent

9   disclosure and also took reasonable steps to rectify the error in the event of an inadvertent

10  disclosure.  The Producing Party will be deemed to have taken reasonable steps to prevent

11  Privileged Material from inadvertent disclosure if that party utilized either attorney screening,

12  keyword search term screening, advanced analytical software applications and/or linguistic tools

13  in screening for privilege, work product, or other protection.  In the event of the inadvertent

14  disclosure of Privileged Material, the Producing Party shall be deemed to have taken reasonable

15  steps to rectify the error of the disclosure if, within thirty (30) days from the date that the

16  inadvertent disclosure was discovered or brought to the attention of the Producing Party, the

17  Producing Party notifies the Receiving Party of the inadvertent disclosure and instructs the

18  Receiving Party to promptly sequester, return, delete, or destroy all copies of the inadvertently

19  produced Privileged Material (including any and all work product containing such Privileged

20  Material).  The Receiving Party also has an affirmative obligation to notify the Producing Party

21  if it receives communications, documents, or information that appear to constitute Privileged

22  Material.  Upon receiving such a request from the Producing Party, the Receiving Party shall

23  promptly sequester, return, delete, or destroy all copies of such inadvertently produced

24  Privileged Material (including any and all work product containing such Privileged Material),

25  and shall make no further use of such Privileged Material (or work product containing such

26  Privileged Material).

27  ///

28  ///

1   12.   <u>PRIVILEGE LOGS</u>

2   Parties need not include on any privilege log attorney-client privileged communications
3   and attorney work product created by counsel for the parties or on behalf of counsel for the
4   parties after the initiation of and/or as part of their representation in this action.  For all
5   documents, including e-mail chains or strings, it shall be sufficient for any privilege log to
6   identify names extracted from the topmost e-mail message or document (To, From, CC, BCC),
7   the date of the topmost e-mail or document, and the basis for the assertion of a privilege or other
8   protection for all Privileged Material in the document.

9   13.   <u>PRODUCTION FORMAT</u>

10   The Parties have agreed that, with the exception of documents to be produced in native
11   format, documents shall be produced in single-page Tagged Image Format image files ("TIFF")
12   named with sequential Bates numbering with each page branded in the lower right-hand corner
13   with sequential bates numbering.  Spreadsheets, PowerPoint presentations, multimedia (i.e.,
14   audio and video), and similar files shall be produced in native file format named with sequential
15   Bates numbering, except where image format is required for purposes of redaction.  For all
16   documents produced in native format, a single-paged placeholder with bates numbers shall be
17   provided.  Each production shall be accompanied by a corresponding electronic delimited text
18   file using Concordance standard delimiters ("Concordance DAT files"), OPT and/or LFP image
19   load files, and separate text files containing each document's extracted text or text generated
20   through Optical Character Recognition ("OCR").  OCR text will only be provided for documents
21   with redactions or documents that are hard copy in origin, but all other text will be extracted text.
22   When available as part of normal processing, ESI productions shall also include available
23   metadata as listed in Exhibit B.

24   14.   <u>MISCELLANEOUS</u>

25   14.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to
26   seek its modification by the court in the future.
27   14.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective
28   Order no Party waives any right it otherwise would have to object to disclosing or producing any

1  information or item on any ground not addressed in this Stipulated Protective Order.  Similarly,

2  no Party waives any right to object on any ground to use in evidence of any of the material

3  covered by this Protective Order.

4        14.3    Filing Protected Material.  Without written permission from the Designating Party

5  or a court order secured after appropriate notice to all interested persons, a Party may not file in

6  the public record in this action any Protected Material.  A Party that seeks to file under seal any

7  Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be

8  filed under seal pursuant to a court order authorizing the sealing of the specific Protected

9  Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a

10 request establishing that the Protected Material at issue is privileged, protectable as a trade

11 secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file

12 Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then

13 the Receiving Party may file the Protected Material in the public record pursuant to Civil Local

14 Rule 79-5(e)(2) unless otherwise instructed by the court.

15 15.    <u>FINAL DISPOSITION</u>

16       After the final disposition of this action, as defined in paragraph 4, a Producing Party

17 (and, if not the same person or entity, the Designating Party) may request that a Receiving Party

18 return all Protected Material to the Producing Party (or Designating Party if different) or destroy

19 such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts,

20 compilations, summaries, and any other format reproducing or capturing any of the Protected

21 Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must

22 submit a written certification to the Producing Party (or Designating Party if different) within 60

23 days of service of the request that (1) identifies (by category, where appropriate) all the Protected

24 Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained

25 any copies, abstracts, compilations, summaries or any other format reproducing or capturing any

26 of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an

27 archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

28 memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product,

and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _____        /s/ Molly Desario
                    Attorneys for Plaintiffs

DATED: _____        /s/ Joseph J. Orzano
                    Attorneys for Defendant

   PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: October 14, 2014               _____
                       Vince Chhabria
                   United States District Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____[date] in the case of *Garrison, et al. v. Whole Foods Market Group, Inc.*, Case No. 4:13-CV-05222-VC . I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
        [printed name]

Signature: _____
        [signature]

17
Stipulated Protective Order / Case No. 4:13-cv-05222-VC

# EXHIBIT B

## Metadata Fields[4]

| Field Name | Description | Email | Loose Files/Att. |
|---|---|---|---|
| StartBates | The Bates number for the first page of the document. | ☒ | ☒ |
| EndBates | The Bates number for the last page of the document. | ☒ | ☒ |
| StartAttachment | The first Bates number of the first attachment to an email. | ☒ | ☐ |
| EndAttachment | The ending Bates number of the last page of the last attachment to an Email. | ☒ | ☐ |
| ParentBates | First bates number of the parent document for each attachment record. | ☐ | ☒ |
| From | The reported sender of an Email message. | ☒ | ☐ |
| To | The reported recipient(s) of an Email message contained in the "To" field. | ☒ | ☐ |
| CC | The reported recipient(s) of an Email message contained in the "CC" field. | ☒ | ☐ |
| BCC | The reported recipient(s) of an Email message contained in the "BCC" field. | ☒ | ☐ |
| SentDate | The date on which an Email was sent by the user's Email software (if available). | ☒ | ☐ |
| SentTime | The time at which an Email was sent by the user's Email software (if not included in SentDate). | ☒ | ☐ |
| EmailSubject | The Subject Line of an Email. | ☒ | ☐ |
| AttachmentCount | The number of attachments to an Email | ☒ | ☐ |
| FileName | The file name. | ☒ | ☒ |

---

[4] An "X" in a column indicates the metadata shall be included when available as part of normal processing pursuant to Section 13.

18
Stipulated Protective Order / Case No. 4:13-cv-05222-VC

| | | | |
|---|---|---|---|
| FileExt | The file extension. | ☒ | ☒ |
| Author | The author of the file as extracted from the file metadata. | ☐ | ☒ |
| CreatedDate | The date the file was created as extracted from the file metadata. | ☐ | ☒ |
| CreatedTime | The time the file was created as extracted from the file metadata. | ☐ | ☒ |
| LastModDate | The date on which the file was last modified as extracted from the file metadata. | ☐ | ☒ |
| LastModTime | The time at which the file was last modified as extracted from the file metadata. | ☐ | ☒ |
| MD5Hash | The MD-5 hash value of the file. | ☒ | ☒ |
| Custodian | All custodian(s) or source(s) associated with the record. | ☒ | ☒ |
| TEXTPATH | The path to the extracted text for the file (if needed). | ☒ | ☒ |
| NATIVEPATH | The path to the native document on the production media (where native file is produced). | ☒ | ☒ |

18098110v.6