SEYFARTH SHAW LLP
Jay W. Connolly (SBN 114725)
jconnolly@seyfarth.com
Giovanna A. Ferrari (SBN 229871)
gferrari@seyfarth.com
Joseph J. Orzano (SBN 262040)
jorzano@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:   (415) 397-2823
Facsimile:    (415) 397-8549

Attorneys for Defendant
WHOLE FOODS MARKET GROUP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY GARRISON and GRACE GARRISON, individually, and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>     v.<br><br>WHOLE FOODS MARKET GROUP, INC.,<br><br>            Defendant. | Case No. 4:13-CV-05222-VC<br><br>**STIPULATION AND [PROPOSED] ORDER FOR LIMITED MODIFICATION TO SCHEDULING ORDER** |

Pursuant to Local Rule 6-1(b), Plaintiffs MARY GARRISON and GRACE GARRISON, individually, and on behalf of all others similarly situated (collectively "Plaintiffs"), on the one hand, and Defendant WHOLE FOODS MARKET GROUP, INC. ("Defendant"), by and through their undersigned counsel, hereby stipulate as follows:

WHEREAS, the Court entered a scheduling order ("Scheduling Order") designating an initial phase of discovery limited to (1) written fact and document discovery targeted to information necessary to prepare for mediation; and (2) the completion of the depositions of Plaintiffs.  (Dkt. #50).

1   WHEREAS, the Scheduling Order currently requires this phase of discovery to be
2   completed on or before December 15, 2014 and further requires the Parties to complete a
3   mediation on or before February 2, 2015 before reporting back to the Court for a further case
4   management conference on February 10, 2015.
5   WHEREAS, the Parties are presently attempting to resolve certain disputes regarding
6   written discovery without burdening the Court, but require additional time to attempt to resolve
7   them and thereafter take Plaintiffs' depositions.
8   WHEREAS, the Parties further seek clarification and certainty as to the preservation of
9   the right to move to compel with respect to any written discovery propounded during this initial
10  phase of discovery to assist the Parties in their efforts to resolve their dispute without seeking
11  intervention from the Court.
12  WHEREAS, the additional time the Parties seek will not alter the current deadline to
13  complete mediation as the Parties are currently scheduled to participate in a private mediation on
14  February 2, 2015, within the time contemplated in the Scheduling Order.
15  IT IS THEREFORE STIPULATED that:
16  1.   The deadline to complete the current phase of fact discovery shall be continued to
17  January 16, 2015 for the limited purposes of allowing the parties to: (a) resolve their dispute as
18  to Plaintiffs' responses to Defendant's written discovery, including but not limited to Plaintiffs'
19  document production; and (2) complete the depositions of Plaintiffs.
20  2.   To the extent the Parties do not move to compel with respect to any written
21  discovery propounded in this initial phase of discovery prior to the mediation, the Parties reserve
22  the right to move to compel with respect to all such written discovery up to and including 7 days
23  after the close of all fact discovery in the action pursuant to Local Rule 37-3.
24  IT IS SO STIPULATED.
25
26
27
28

| | | |
|---|---|---|
| 1 | DATED: December 12, 2014 | SEYFARTH SHAW LLP |
| 2 | | |
| 3 | | By: /s/ Joseph J. Orzano |
| 4 | | Jay W. Connolly<br>Giovanna A. Ferrari<br>Joseph J. Orzano |
| 5 | | |
| 6 | | Attorneys for Defendant<br>WHOLE FOODS MARKET GROUP, INC. |
| 7 | DATED: December 12, 2014 | SCOTT COLE & ASSOCIATES, APC |
| 8 | | |
| 9 | | By: /s/ Molly A. Desario |
| 10 | | Matthew R. Bainer<br>Molly a. DeSario |
| 11 | | Attorneys for Plaintiffs |
| 12 | | MARY GARRISON and GRACE<br>GARRISON, individually and on behalf of all<br>other similarly situated |

# [~~PROPOSED~~] ORDER

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

1. The deadline to complete the current phase of initial fact discovery shall be continued to January 16, 2015 for the limited purposes of allowing the parties to: (a) resolve their dispute as to Plaintiffs' responses to Defendant's written discovery, including but not limited to Plaintiffs' document production; and (2) complete the depositions of Plaintiffs.

2. To the extent the Parties do not move to compel with respect to any written discovery prior to the mediation, the Parties shall be permitted to move to compel with respect to any written discovery up to and including 7 days after the close of all fact discovery in the action pursuant to Local Rule 37-3, or as otherwise ordered by the Court. It shall be sufficient to satisfy this deadline to move to compel that the Parties submit the joint letter brief required in paragraph 9 of this Court's civil standing order by the motion to compel deadline.

DATED: December 17, 2014

_____
HON. VINCE CHHABRIA
United States District Court Judge

18669748v.1