SEYFARTH SHAW LLP
Jay W. Connolly (SBN 114725)
jconnolly@seyfarth.com
Giovanna A. Ferrari (SBN 229871)
gferrari@seyfarth.com
Joseph J. Orzano (SBN 262040)
jorzano@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:     (415) 397-2823
Facsimile:      (415) 397-8549

Attorneys for Defendant
WHOLE FOODS MARKET GROUP, INC.


Matthew R. Bainer, Esq. (S.B. #220972)
Molly A. DeSario, Esq. (S.B. #230763)
SCOTT COLE & ASSOCIATES, APC
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile:  (510) 891-7030
Email:   mbainer@scalaw.com
Email:   mdesario@scalaw.com
Web:     www.scalaw.com

Attorneys for Representative Plaintiffs
and the Plaintiff Classes

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY GARRISON and GRACE GARRISON, individually, and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>     v.<br><br>WHOLE FOODS MARKET GROUP, INC.,<br><br>                    Defendant. | Case No. 3:13-CV-05222-VC<br><br>**STIPULATION AND [PROPOSED] ORDER RE: TREATMENT OF ESI** |

   Plaintiffs MARY GARRISON and GRACE GARRISON, individually, and on behalf of all others similarly situated (collectively "Plaintiffs"), on the one hand, and Defendant WHOLE FOODS MARKET GROUP, INC. ("Defendant"), by and through their undersigned counsel,

hereby enter into the following stipulation regarding electronic discovery ("eDiscovery") issues in this case:

## I.     PURPOSE

Defendant represents that its preservation efforts for this action have resulted in the retention and ongoing storage of substantial amounts of electronically stored information, as defined in Fed. R. Civ. P. 34(a)(1), (the "ESI").  Defendant believes the vast majority of the ESI is not relevant to any claim or defense in this action.  Defendant therefore seeks to establish a reasonable protocol for treatment this ESI so that it need not continue to preserve the substantial amounts of data that have no relevance to this action.

## II.    DESIGNATION OF E-DISCOVERY LIAISON

To promote communication and cooperation between the Parties, each party shall designate an eDiscovery Liaison.  The eDiscovery Liaison will serve as a conduit of communications regarding eDiscovery issues among the Parties including specific topics such as: (1) the party's electronic systems and capabilities in order to explain these systems and answer relevant questions; (2) the technical aspects of eDiscovery, including ESI storage, organization, and format issues;(3) eDiscovery dispute resolution; and (4) general facilitation of the eDiscovery process.

## III.   PRESERVATION

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate.  Plaintiffs represent that they have retained relevant ESI in their possession, custody, or control.  Defendant represents that it has issued ESI retention notices to appropriate custodians and has undertaken reasonable efforts to preserve relevant ESI in its possession, custody or control.

## IV.    DEVELOPMENT OF SEARCH TERMS

In an effort to cull the broadly preserved ESI down to a reasonable, manageable and cost-effective review corpus, the Parties agree that certain filters should be applied to all preserved data in order to identify the ESI most likely to contain highly relevant data.

      To this end, the Parties will attempt to develop a search methodology to locate potentially relevant information from the preserved ESI.  The Parties shall reach agreement as to the words, terms, phrases and syntax to be searched.

      The Parties agree to the following process for the development of search terms:

- On or before 30 days after entry of this Order, Defendant shall provide to Plaintiffs a proposed list of search terms and any related parameters.
- On or before 15 days after receipt of Defendant's proposed list of search terms and related parameters, Plaintiffs shall provide any proposed changes.
- On or before 15 days after receipt of Plaintiffs' proposed changes, the Defendant shall respond to Plaintiffs indicating agreement or disagreement as to any changes proposed by Plaintiffs.
- On or before 10 days after Defendant's response, the Parties shall submit a joint letter brief to the Court outlining any disagreements, should any remain.

## V.    SEARCH TERM METHODOLOGY

### A.    General Approach

In general, the process of review and production will consist of (1) loading of ESI within the scope of relevant materials by agreement of the Parties; (2) further refinement through key word searching and culling; (3) review by the producing party; and (4) identification by the producing party of responsive, non-privileged ESI; and (5) production of responsive non-privileged ESI to the other Parties.

The Parties acknowledge and agree that any information identified as a "hit" based upon the search will be considered only potentially responsive.  The Parties at their option may produce any "hits" with or without attorney review to determine actual responsiveness and whether any basis exists for withholding the document such as attorney-client privilege or attorney work product.

### B.    File Type/Extension Filters

To reduce the likelihood of false search hits that may skew keyword search hit counts, cause the review of  non-reviewable documents, and increase costs of review and production, the

Parties agree to limit the processing, review, and production of loose file and email attachment data to commonly known user-created ESI file types/extensions, to wit:

| | | | |
|---|---|---|---|
| pdf | dotm | xlam | csv |
| rtf | dotx | xls | pages |
| txt | pot | xlsm | keynote |
| msg | potm | xlsx | numbers |
| eml | potx | xlt | jpeg |
| emlx | ppa | xltm | jpg |
| wpd | ppam | xltx | png |
| mpp | pps | mpp | gif |
| zip | ppsm | wk3 | bmp |
| rar | ppsx | wk4 | ai |
| 7z | ppt | pub | psd |
| doc | pptm | pubx | eps |
| docm | pptx | pubm | |
| docx | rtf | tif | |
| dot | vsd | tiff | |

**C.     Cached Data, Residual Data, RAM and Fragmented Data**

Absent a showing of special need and lack of undue burden or cost, the Parties shall have no obligation to review or produce deleted, shadowed, fragmented, residual data, or documents,

1   cached, temporary files, random access memory ("RAM") or ESI that would only be preserved
2   by taking constant and repeated forensic (bit stream) image of hard drives and computer memory
3   sticks, neither of which is practical technically or economically.

### D.   Other Forms of Electronically Stored Information

The scope of Defendant's identification and preservation efforts included custodians' voice mail as well as cell phone voicemail, cell phone text/instant messages.  Absent further agreement of the Parties or a showing of good cause and a lack of undue burden or cost, the Parties shall have no further obligation to review or produce ESI regarding or relating to (1) text/instant messaging communications; (2) voicemail messages and system information including VOIP data; (3) web browser files; (4) personal digital assistants ("PDAs"); and (5) mobile devices including, but not limited to, smartphone devices.

### E.   On-Site Inspections

On-site inspections of electronic media under Fed.R.Civ.P. 34(b) shall not be permitted, except on mutual agreement of the Parties or upon ruling of the Court following a showing of exceptional circumstances including good cause and specific need.  Inspection or testing of certain types of ESI may raise issues of confidentiality or privacy and such undue intrusiveness resulting from such inspections shall be guarded against.

### F.   Spam and/or Virus Filtering

Absent compelling circumstances and upon notice, any message, attachment or other electronically stored information that has been identified by a spam or virus filter shall be treated by the Parties as per se non-responsive and the Parties shall not be required to produce such ESI.

## VI.   PRODUCTION METHODOLOGY

### A.   Form of Production

The Stipulated Protective Order entered in this case, (Dkt. 52), provided that, with the exception of documents to be produced in native format, documents shall be produced in single-page Tagged Image Format image files ("TIFF") named with sequential Bates numbering with each page branded in the lower right-hand corner with sequential bates numbering.  At Plaintiffs' subsequent request, Defendant will endeavor to provide said documents in Portable Document

1  Format ("PDF") instead and will meet and confer with Plaintiffs if it deems that not feasible for
2  any particular production.  Spreadsheets, PowerPoint presentations, multimedia (i.e., audio and
3  video), and similar files shall be produced in native file format named with sequential Bates
4  numbering, except where image/PDF format is required for purposes of redaction.  For all
5  documents produced in native format, a single-paged placeholder with Bates numbers shall be
6  provided.  Each production shall be accompanied by a corresponding electronic delimited text
7  file using Concordance standard delimiters ("Concordance DAT files"), OPT and/or LFP image
8  load files, and separate text files containing each document's extracted text or text generated
9  through Optical Character Recognition ("OCR").  OCR text will only be provided for documents
10 with redactions or documents that are hard copy in origin, but all other text will be extracted text.
11 When available as part of normal processing, ESI productions shall also include available
12 metadata as listed in Exhibit B to the Stipulated Protective Order.

**B.     Non-Standard File Handling in Production**

During the processing of documents or ESI for production it may become apparent that some file types are not easily converted from native format into image/PDF files.  In such circumstances, the Parties agree to confer on an appropriate native file protocol.  After initial production in image/PDF file format is complete, the requesting Party must demonstrate particularized need for production of electronic documents in their native format.  If the Parties are unable to come to an agreement, the Parties agree to seek appropriate relief form the Court through further stipulation or otherwise.

**C.     Metadata Production**

Nothing herein alters the provisions governing the production of metadata as set forth in Exhibit B of the Stipulated Protective Order.

**D.     Claw-back Provision and Non-Waiver Agreement**

Provisions regarding "claw back" and "non-waiver" shall be in accordance with Fed. R. Civ. P.  26 (b)(5), Fed. R. Evid. 502, and paragraph 11 of the Parties' Stipulated Protective Order entered in this case.  The Parties and the Court recognize that the significant amount of ESI involved increases the possibility of inadvertent production of materials to which the producing

1  Party may make a claim of privilege or of protection from discovery as trial preparation material
2  or some other asserted right.  The inadvertent production of such documents or ESI shall not
3  operate as a waiver of that privilege, protection or right and shall not operate as any subject
4  matter waiver of that privilege, protection or right.

**VII.    RELIEF FROM COURT**

If the Parties are unable to agree, or need further clarification on any issue relating to the preservation, collection, or production of electronically stored information, any Party may seek appropriate relief from the Court through further stipulation or otherwise.

**IT IS SO STIPULATED BY COUNSEL OF RECORD.**

DATED: April 10, 2015                         SEYFARTH SHAW LLP


                                              By: /s/ Jay W. Connolly
                                                  Jay W. Connolly
                                                  Giovanna A. Ferrari
                                                  Joseph J. Orzano

                                              Attorneys for Defendant
                                              WHOLE FOODS MARKET GROUP, INC.


DATED: April 10, 2015                         SCOTT COLE & ASSOCIATES, APC


                                              By: /s/ Molly A. Desario
                                                  Matthew R. Bainer
                                                  Molly a. DeSario

                                              Attorneys for Plaintiffs
                                              MARY GARRISON and GRACE
                                              GARRISON, individually and on behalf of all
                                              other similarly situated


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: __April 14_____, 2015      _____
                                              HON. VINCE CHHABRIA
                                              United States District Court Judge

19171254v.1