UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY GARRISON, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>WHOLE FOODS MARKET GROUP, INC.,<br><br>　　　　　Defendant. | Case No.  13-cv-05222-VC<br><br>**ORDER GRANTING IN PART, AND DENYING IN PART, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 73 |

The defendant's motion for summary judgment against the named plaintiffs is granted with respect to the claim for violation of California's Consumer Legal Remedies Act and the common law claim for breach of contract.  It is denied with respect to the claims for violation of California's Unfair Competition Law, the False Advertising Law, and the common law claims of fraud, negligent misrepresentation, and breach of express warranty.

　　1.  The defendant contends the Garrisons were not deceived by the "all natural" label on the challenged products.  Based on a review of the plaintiffs' deposition testimony, it does seem unlikely that a jury would find the Garrisons credible on this issue.  But if the jury somehow believes the Garrisons' testimony, this would form a basis for a finding that they were deceived. The Garrisons testified at various points in their depositions that they bought the products during the class period, and that they paid more for the products than they otherwise would have paid because the labels led them to believe the products contained no synthetic ingredients.  *E.g.*, G. Garrison Dep. (Jan. 22, 2015), at 29:15–30:1, 117:4–23; M. Garrison Dep. (Jan. 27, 2015), at 26:4–9, 130:23–131:22.  Sodium Acid Pyrophosphate ("SAPP"), an ingredient in the products they bought, is synthetic.  7 C.F.R. § 205.605(b).  Although the Garrisons could not identify the

precise dates on which they bought the products and did not have receipts for their purchases, their testimony that they recalled buying the products multiple times during the class period (and their explanations for why they know the purchases took place within that period) is sufficient to create a factual issue for the jury. *E.g.*, G. Garrison Dep. (Jan. 22, 2015), at 30:5–31:4, 43:4–20, 46:11–16, 47:20–49:7; M. Garrison Dep. (Jan. 27, 2015), at 34:10–25, 37:1–15; 38:6–16. And although the Garrisons apparently had a mistaken belief that organic foods (like "all natural" foods) contain no synthetic ingredients, that does not automatically render unreasonable their belief that products labeled "all natural" would not contain any synthetic ingredients, nor does it eliminate the fact dispute that exists about whether they were deceived by the labels at issue. *Cf. Garrison v. Whole Foods Mkt. Grp., Inc.*, 2014 WL 2451290, at *3 (N.D. Cal. June 2, 2014).

2. The defendant contends that even if the Garrisons were deceived by the label, they did not suffer any actual injury (within the meaning of California's consumer protection statutes) as a result of the deception. But again, there is evidence from which a jury could conclude that the Garrisons suffered an actual injury. The "actual injury" threshold is not high. *Kwikset Corp. v. Superior Court*, 246 P.3d 877, 886 (Cal. 2011). Assuming the jury somehow believes the assertions the Garrisons made in their depositions and in the letters they tried to send Whole Foods before filing suit, the jury could infer that the Garrisons paid more for the products than they would have paid if they'd known the products contained a synthetic ingredient. G. Garrison Dep. (Jan. 22, 2015), at 117:4–23; M. Garrison Dep. (Jan. 27, 2015), at 130:23–131:22; Orzano Decl., ISO MSJ, Ex. A, Exs. 17, 18; *id.*, Ex. B, Exs. 8, 9.

3. Although it's not clear the defendant intended to make this argument, at the hearing there was extensive discussion of whether the Garrisons must make an evidentiary showing relating to remedies that is distinct from (but related to) the "actual injury" question. Specifically, the Court raised the question whether a line of cases not cited by the defendant requires that the Garrisons support their claims for restitution, at the summary judgment stage, with evidence of the actual amount of the price premium they paid. *See Ogden v. Bumble Bee Foods, LLC*, 2014 WL 27527, at *12–13 (N.D. Cal. Jan. 2, 2014); *Ries v. Arizona Beverages*

*USA, LLC*, 2013 WL 1287416, at \*7–8 (N.D. Cal. Mar. 28, 2013).  If these cases are correct and if they apply here, several of the Garrisons' claims would not be able to survive summary judgment, because there would be no evidence from which the jury could determine the actual amount of restitution owed — the Garrisons' deposition testimony offers nothing more than baseless speculation about the premium they paid, and their expert provides no opinion about that premium.  However, it would be unfair to grant summary judgment for the defendant under this line of cases (assuming the cases are correct) given the procedural posture of this case. Under the Court's scheduling orders, the discovery deadline has passed on the issue of "liability" with respect to the named plaintiffs, but these orders are ambiguous about whether discovery is still open on the question of damages with respect to the named plaintiffs.  Moreover, expert discovery is still open, and evidence about a price premium would most likely come from expert testimony, so it would be reasonable to interpret the Court's scheduling orders as saying that discovery has not closed on the question of damages.  *Cf. Ries v. Arizona Beverages USA, LLC*, 287 F.R.D. 523, 532 (N.D. Cal. 2012).

4.  A similar analysis applies to the defendant's argument that the Garrisons may not, as a matter of law, recover restitution.  The defendant in this case, Whole Foods Market Group, Inc., has submitted a declaration suggesting that it might have sold the products at cost to the retailer, Whole Foods Market California, Inc., meaning that any profits (and thus any price premium) from the Garrisons' purchases resulting from the misleading label went to the retailer.  And the Garrisons have not named the retailer as a defendant in this lawsuit.  But the declaration submitted by the defendant is worded vaguely, and its accuracy has not yet been tested in discovery regarding damages.  Accordingly, it would be premature to enter judgment for the defendant on the Garrisons' claims for restitution under California's consumer protection statutes. Moreover, with respect to the Garrisons' common law claims (i.e., fraud, negligent misrepresentation, breach of express warranty), the "price premium" they seek in this lawsuit might properly be characterized as "damages" rather than "restitution."  *See Cortez v. Purolator Air Filtration Prods. Co.*, 999 P.2d 706, 713 (Cal. 2000) (observing that an award of "damages"

under Cal. Civ. Code § 3343 (which provides for damages in fraud actions) "may be greater than the sum fraudulently acquired from the plaintiff" while including an "element of restitution"). Therefore, at least for those claims, it would not matter if the defendant sold the products to the retailer at cost (as opposed to making a profit on the products).

5.   The defendant contends the plaintiffs' breach of express warranty claim fails for the additional reason that the plaintiffs did not provide pre-suit notice.  But the plaintiffs were not required to provide pre-suit notice of this claim to the defendant manufacturer, from which they did not purchase the products directly.  *See Keegan v. Am. Honda Motor Co.*, 838 F. Supp. 2d 929, 950 (N.D. Cal. 2012).  Accordingly, the defendant's motion for summary judgment is denied on that claim.

6.   The Garrisons may not proceed on their CLRA claim because they sent the required pre-suit notice to the wrong entity, and never bothered to cure this defect, despite being aware of a potential problem with the notice since the motion to dismiss was adjudicated.  *See* Cal. Civ. Code § 1782(a); *cf., e.g.*, *Herron v. Best Buy Stores, L.P.*, 2014 WL 465906, at *4 (E.D. Cal. Feb 4. 2014); *Wehlage v. EmpRes Healthcare Inc.*, 2012 WL 380364, at *7 (N.D. Cal. Feb. 6, 2012). Accordingly, the defendant's motion for summary judgment is granted on that claim.

7.   The Garrisons may not proceed on their breach of contract claim because they were not in privity with the defendant.  *Ham v. Hain Celestial Grp., Inc.*, 70 F. Supp. 3d 1188, 1195–96 (N.D. Cal. 2014); *see also Kumar v. Salov N. Am. Corp.*, 2015 WL 457692, at *6 (N.D. Cal. Feb. 3, 2015).  Accordingly, the defendant's motion for summary judgment is granted on that claim.

**IT IS SO ORDERED.**

Dated: March 29, 2016

_____
VINCE CHHABRIA
United States District Judge

4