UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY GARRISON, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>WHOLE FOODS MARKET GROUP, INC.,<br><br>    Defendant. | Case No. 13-cv-05222-VC<br><br>**ORDER GRANTING IN PART, AND DENYING IN PART, MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 72, 78 |

### I. Whole Foods Market Group, Inc.'s Motion to Seal

Whole Foods moved to file under seal portions of its motion for summary judgment and portions of the Declaration of Kenneth Serwin in support of the motion. Whole Foods contends that disclosing this information would "give . . . competitors direct, accurate information as to Whole Foods Market's historical marketing and sales strategies, and the resulting success (or failure) of those strategies." Def.'s Admin. Mot. to File Under Seal, at 4. But Whole Foods does explain how the material it wishes to file under seal — which consists of its expert's analysis of sales data at a high level of generality, without revealing the underlying data — could cause this kind of competitive harm. This does not establish compelling reasons to conceal this material from the public. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Therefore, Whole Foods' motion to seal is denied. Accordingly, the Clerk of Court is directed to unseal Exhibits 3 and 4 to the Defendant's Administrative Motion to File Under Seal (Dkt. Nos. 72-5–7).

### II. The Plaintiffs' Motion to Seal

The Garrisons moved to file under seal portions of their opposition to Whole Foods'

motion for summary judgment, and portions of various supporting materials. In response, Whole Foods (the designating party under Local Rule 79-5(e)) seeks to keep under seal portions of the opposition, the Declarations of John Specchio, Elizabeth Howlett, and Mark Keegan, and various exhibits thereto. With respect to the opposition, the expert declarations, and Exhibit F to the Howlett Declaration, Whole Foods has not satisfied the standard for filing this information under seal. As with the material above, Whole Foods has not offered any concrete explanation for how general comments about its sales could cause the kind of competitive harm that warrants sealing. This does not establish compelling reasons to conceal this material from the public. *See Ctr. for Auto Safety*, 809 F.3d at 1096. As to the portion of Exhibit C to the Specchio Declaration containing sales data, and Exhibit E to the Howlett Declaration, the Court finds that there are compelling reasons to seal the documents. Revealing several years of monthly sales data for several products over numerous regions might harm Whole Foods' competitive standing. *See id.* 1096–97.

      Accordingly, the plaintiffs are ordered to refile publicly their motion and all related material — with the exceptions of the relevant portion of Exhibit C to the Specchio Declaration, and Exhibit E to the Howlett Declaration — within 7 days of this Order.

      **IT IS SO ORDERED.**

Dated: March 29, 2016

                                                  VINCE CHHABRIA
                                                  United States District Judge